**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| **THE STEAMSHIP TRADE ASSOCIATION OF BALTIMORE, INC.**<br>8516 RIDGELY'S CHOICE DRIVE, STE 202<br>BALTIMORE, MARYLAND 21236<br><br>Plaintiff,<br><br>v.<br><br>**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO, LOCAL 333**<br>1104 HULL STREET<br>BALTIMORE, MARYLAND 21230<br><br>Defendant. | *<br>*<br>*<br>*   Civil Act. No. _____<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \*

**COMPLAINT FOR BREACH OF CONTRACT**

The Steamship Trade Association of Baltimore, Inc. (the "STA"), by its undersigned counsel, hereby sues International Longshoremen's Association, AFL-CIO, Local 333 ("Local 333") and states as follows:

**THE NATURE OF THE ACTION**

1. This suit is brought pursuant to Title 29, Chapter 7, Subchapter IV, Section 185 of the Labor Management Relations Act of 1947 (the "Act").

**THE PARTIES**

2. The STA is an association of cargo carriers, service companies, and employers at the Port of Baltimore. The STA acts as the bargaining agent for its members and administers the Local 333 Agreement for its members.

3.      Local 333 is a labor organization and a local affiliate of the International Longshoremen's Association, AFL-CIO (the "ILA"), with jurisdiction over certain work at the Port of Baltimore as set forth in the "Agreement negotiated by the Steamship Trade Association of Baltimore, Inc. on behalf of its members with the International Longshoremen's Association Local 333 for the Port of Baltimore, effective October 1, 2004 through September 30, 2010" (the "Local 333 Agreement").

4.      Despite the expiration of the Local 333 Agreement, the Parties have agreed to work under the Local 333 Agreement while they negotiate a new collective bargaining agreement.  Such negotiations are ongoing.

5.      Local 333 and the STA and its members also are bound by another collective bargaining agreement known as the "Master Contract," between the ILA and the United States Maritime Alliance, Ltd. (USMX), which represents employers of the East and Gulf Coast longshore industry.

## BACKGROUND

6.      The Local 333 Agreement requires that, "Should any dispute, disagreement or controversy, including all issues involving the application and/or interpretation of the terms of this Agreement, hereinafter referred to as a grievance, arise between an individual member or members of the STA and the Union during the term of this Agreement, the employees shall continue to work pending the resolution of the grievance in the following manner…" (Local 333 Agreement, Article XVII – Grievance Procedure (1) at 54.)

7.      The first step in the Local 333 grievance process is that grievances are brought before the Trade Practice Committee (the "TPC"), where Local 333 and management have an equal number of voting representatives. (Local 333 Agreement, Article XVII (1)(b) at 54, Ex. 6).

If there is a deadlock at the TPC stage, the matter may be appealed to a similarly comprised Committee of Six. (*Id.,* Article XVII (1)(c) at 55). In the event of a deadlock at the Committee of Six, "the grievance may be submitted to arbitration by the Union or the STA, but only by the Union or the STA, in accordance with the Grievance Procedure set forth in Article XVII" of the Local 333 Agreement. (*Id.,* Article XVII (2) at 55-56). There is a procedure for bringing a grievance to the Trade Practice Committee on an emergency basis.

8. On Monday, May 13, 2013, at 10:30 a.m., there was an STA/ILA Local 333 Emergency Trade Practice Committee Meeting called to consider TPC Number 59-2013, which concerned the events related to two work stoppages caused by elected officials and members of ILA Local 333 while working for Ports America Chesapeake, LLC ("PAC") on the vessel Bahri Abha; the first on April 18, 2013 and the second, which occurred on the day of the meeting and lasted from approximately 8:00 A.M. until 9:30 a.m.

9. In attendance at the Emergency TPC meeting were management representatives, STA President Michael Angelos, STA Vice President David Hartman, and PAC Representative Michael Curran, and Local 333 representatives, President Riker McKenzie, Vice President Aaron Barnett, Walking Delegate Lamont Coger, Recording Secretary Ezekiel Givens, and Local 333 member Thomas Jones, who arrived at 11:25 a.m.

10. Mr. Angelos referred to and distributed a ILA/USMX letter directed to PAC President Mark Montgomery dated April 17, 2013, signed by ILA General Vice President Benny Holland, Jr. and USMX President David Adam, stating that the new Bahri Class vessels, like the Bahr Abha, comply with the Master Contract Small Boat Agreement.

11. Mr. Angelos stated that the work stoppages by Local 333 with respect to the Bahri class vessels were violations of both the Master Contract and Local 333 Agreement. The dispute

apparently concerned manning levels on the vessels, but as noted above, the Local 333 Agreement requires that the Parties grieve any dispute over manning and continue to work during the grievance process. Local 333, as it has in the past, refused to honor this provision of its agreement with the STA. Mr. Angelos noted that STA-employer, Ports America Chesapeake, LLC ("PAC"), suffered damages as a result of Local 333's disruption of work on April 18 and May 13, 2013. Local 333's refusal to work brought the entire PAC operation to a standstill, requiring the clerks, gangs and drivers to be idle while Local 333's leadership complained about manning levels to Ports America and the STA.

12. Mr. Angelos also distributed two (2) arbitration decisions from Arbitrator David Vaughn, both of which require Local 333 to cease and desist from further violations and continue to work while utilizing the contractual dispute resolution procedures should Local 333 believe there is a violation. Both arbitration decisions prohibit Local 333 from engaging in a concerted slowdown and work stoppage.

13. Local 333 President McKenzie called Mr. Holland by telephone, and Mr. Holland explained to the TPC that the ILA and USMX agreed to work the BAHRI Class vessels under the Master Contract Small Boat Agreement. Mr. Holland then stated: "Work the ship until we work out the details."

14. The Trade Practice Committee voted on management's grievance to require Local 333 to reimburse PAC for the work stoppages and cease and desist from future work stoppages. The vote resulted in a tie.

15. Mr. Angelos requested a Committee of Six Meeting be held immediately. The Committee of Six convened and the vote on the STA's grievance deadlocked.

16. At the conclusion of the Committee of Six deadlocked vote, the STA and Local

333 agreed to submit the matter to binding arbitration. A formal request for arbitration was sent by the STA to Local 333 on May 17, 2013. Local 333, however, refused to agree upon the selection of an arbitrator and refused to arbitrate the matter.

## **BREACH OF CONTRACT**

17. The STA incorporates by reference the above paragraphs as though fully set forth herein.

18. The STA followed the emergency TPC, Committee of Six and arbitration provisions of the Local 333 Agreement. It properly noticed its intent to seek arbitration to Local 333 Agreement.

19. Local 333's refusal to arbitrate the STA's grievance is in bad faith and without just cause, and violates the Local 333 Agreement and the practice of the Parties to resolve manning and work stoppage issues under the Local 333 Agreement grievance process.

20. Local 333's refusal to arbitrate is a breach of the provisions governing arbitration under the Local 333 Agreement, which may be enforced by this Court.

WHEREFORE, the STA requests an Order from the Court directing Local 333 to proceed to arbitrate the disputes between the parties in accordance with the terms of their collective bargaining agreement, the Local 333 Agreement, and the Parties past practice, rendering an award in favor of the STA and against Local 333 for the attorneys' fees and costs incurred by the STA in bringing and maintaining this action, and for such further and additional relief as to the Court is fair and just.

Respectfully submitted,


_____-S-_____
Michael J. Collins, Esq. (05971)
The Law Offices of Michael J. Collins PC
7104 Biter Lane
Highland, Maryland 20777-277
Phone: (410) 967-7614
Michael@mjcollinslaw.com

Counsel for the Steamship Trade Association of Baltimore, Inc.